**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANCE LOCKARD,

Defendant - Appellant.

No. 09-30319

D.C. No. 3:07-cr-00148-RRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 30, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Lance Lockard appeals the sentence imposed following his guilty plea to 64

counts of conspiracy (18 U.S.C. § 371), wire fraud (18 U.S.C. § 1343), bank fraud

(18 U.S.C. § 1344(2)), and false statements (18 U.S.C. § 1014), arising out of a

mortgage-fraud scheme.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Lockard contends the district court erred by finding the facts supporting the sentence enhancements by a preponderance of the evidence rather than beyond a reasonable doubt, or at least by clear and convincing evidence. It is well-settled in this circuit, however, that the district court is generally to apply the preponderance of the evidence standard when finding facts to support a sentencing determination, unless the enhancement at issue has an "extremely disproportionate" effect on the sentence imposed. *United States v. Staten*, 466 F.3d 708, 717-20 (9th Cir. 2006). The district court followed that course here.

Lockard next contends the district court erred in enhancing the sentence pursuant to U.S.S.G. § 2B1.1(b)(2)(A) upon finding ten or more victims of Lockard's fraud. The district court recognized that in addition to the nine financial institution victims, there were multiple individual victims, and appropriately focused on a property buyer who obtained a mortgage with the conspiracy's assistance as a tenth victim. The buyer's acquisition of a mortgage ruinous to his finances was directly attributable to the fraud conspiracy, and thus was a foreseeable, actual loss. *See* U.S.S.G. § 2B1.1 cmt. n.1 and n.3.

The district court did not err in enhancing the sentence pursuant to U.S.S.G. § 2B1.1(b)(14)(A) because Lockard derived more than $1 million in gross receipts. Lockard undisputably received $993,000 in gross receipts directly from

the First National Bank of Alaska.  The record contains ample support for the district court's conclusion that the enhancement applied in light of other gross receipts.

The district court did not err by applying an organizer/leader enhancement under U.S.S.G. § 3B1.1(a).  *See United States v. Jordan*, 291 F.3d 1091, 1097 (9th Cir. 2002).  The district court explicitly found that Lockard controlled three members of the conspiracy.  The record supports the district court's findings.

Finally, Lockard's sentence is not substantively unreasonable.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).  There is no disparity between Lockard's 70-month sentence and that of his co-conspirators or others similarly situated that would render the sentence unreasonable.  The district court gave a full and accurate explanation of the sentence it imposed.

**AFFIRMED**.